IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAHLIF COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-CV-889-WKW |
| | ) | [WO] |
| JACKIE SMITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendants' motions to dismiss the state-law claim against them and to strike fictitious parties. (Doc. # 13.) Although Plaintiff Kahlif Cooper quibbles with Defendants on the propriety of unnamed parties in federal court, he concedes that he "does not intend to substitute any additional individuals" as defendants in this action. (Doc. # 24, at 1.) Accordingly, Defendants' motion to strike fictitious parties is due to be granted as unopposed.

Mr. Cooper does, however, oppose Defendants' motion to dismiss his state-law battery claim. (Doc. # 24.) For the reasons discussed below, Defendants' motion to dismiss that claim is due to be denied.

## I.  FACTS[1]

Plaintiff Kahlif Cooper was driving his car in Dothan one summer day when the Defendants, who are all deputies of the Houston County Sheriff,[2] fell upon him in an attack.  The episode began when a law-enforcement SUV pulled in behind Mr. Cooper and started ramming his vehicle.  Mr. Cooper kept driving (because no one signaled him to pull over).  He was forced to stop when another car joined the assault and smashed into Mr. Cooper's car from the other direction, sandwiching him between his pursuers.

When the chase ended, Defendants physically beat Mr. Cooper.  According to Mr. Cooper, there was no reason for Defendants to do what they did other than an alleged "personal animus" Defendant Jackie Smith harbors against him.  The record contains no other explanation for the attack on Mr. Cooper.

On October 11, 2012, Mr. Cooper filed this suit against Defendants Houston County, Alabama, Jackie Smith, Josh Robertson, R. Clemmons, and five unnamed defendants.  Houston County filed a motion to dismiss, which the court granted.  (*See*

---

[1]  Of course, these facts are Mr. Cooper's allegations from the complaint, which are deemed true for present purposes.

[2]  This point is not entirely clear in the record.  But Defendants all claim to work for the Sheriff, and Plaintiff accuses them all of being members of a "city–county drug task force" that is supervised by Houston County (*see* Doc. # 1 ¶¶ 6, 10, 12).  Because there is no indication in the record that any of the Defendants are city police officers, the court assumes they are all deputy sheriffs for the purposes of this opinion.

Doc. # 25).  The matter comes before the court on the motion to dismiss the state-law

claim against the remaining Defendants.

## II.  STANDARD OF REVIEW[3]

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against

the legal standard set forth in Rule 8:  "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  When

evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the

factual allegations in the complaint as true and construe them in the light most

favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.

2008).  However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556

U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*,

556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is]

---

[3] Although Defendants move to dismiss the state-law battery claim under Rule 12(b)(1), this court's subject-matter jurisdiction is not at issue.  Instead, the question is whether Mr. Cooper's complaint states a claim for relief against the individual Defendants under Alabama law, so the motion is considered under Rule 12(b)(6). *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6).").

 . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.  While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level."  *Id.* at 555; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*Twombly* formally retired "the often-criticized 'no set of facts' language previously used to describe the motion to dismiss standard.")  (citation omitted)).

## III.  DISCUSSION

Under § 14 of the Alabama Constitution, deputy sheriffs, as alter egos to the Sheriff, are absolutely immune from state-law claims for damages "whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Davis*, 930 So. 2d 497, 500–01 (Ala. 2005). The key question, then, is whether Defendants were acting in the course and scope of their employment.  Defendants, of course, claim they "were on duty at all relevant

times and were performing tasks falling within the line and scope of a deputy sheriff's duties, *i.e.*, searching and detaining persons." (Doc. # 13, at 3.) To support that contention, they cite a portion of the Alabama Code that outlines the duties of the sheriff, which include the duty "[t]o, with the assistance of deputies as necessary, ferret out crime, apprehend and arrest criminals and, insofar as within their power, secure evidence of crimes . . . ." Ala. Code § 36-22-3.

The problem is that although the Defendants submitted evidence they were attempting apprehend Mr. Cooper, they do not suggest they even suspected he was a criminal. Nor does the record indicate they were attempting to secure evidence. Instead, the only allegation is that Defendants crashed Mr. Cooper's car and savagely beat him "in a manifestation of personal animus." (Doc. # 1, ¶ 4.) Further, although Defendants have cited a number of Alabama cases in which deputy sheriffs were entitled to State immunity, none of those cases involved deputies who offered no legitimate explanation for their actions.[4] Defendants have cited no authority for the proposition that deputies who savagely beat a man for no reason other than a personal grudge are acting within the line and scope of their employment, and the court is

---

[4] *See Ex parte Fielding*, 86 So. 3d 354, 356 (deputy was acting within line and scope of his employment when he shot a neighbor's dog to "protect the public and preserve the peace"); *Ex parte Donaldson*, 80 So. 3d 895, 899 (Ala. 2011) (plaintiff admitted deputy sheriff was acting in the line and scope of his employment when he hit her with his patrol car); *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994) (deputy was acting within line and scope of employment when she negligently served process on plaintiff).

aware of none.  To the contrary, one decision of the Alabama Supreme Court suggests deputies are liable for such actions.  *See Ex parte Davis*, 930 So. 2d at 501 (granting State immunity to deputy who allegedly committed battery during an arrest when the plaintiff did not allege "[the deputy's] actions were undertaken for some personal motive to further some personal interest and not as a part of his duties as a deputy sheriff").

On a motion to dismiss, the allegations of the complaint must be accepted as true.  The complaint alleges that Defendants did not attack Mr. Cooper within the course and scope of their employment, but were acting out of "personal animus." (Doc. # 1 ¶ 4.)  Accepting that allegation as true, Defendants are not immune from Mr. Cooper's battery claim at this juncture.

## IV.  CONCLUSION

It is therefore ORDERED that Defendants' Motion for Partial Dismissal (Doc # 13) is DENIED, and their Motion to Strike Fictitious Parties is GRANTED (Doc. # 13).  It is further ORDERED that Unnamed Defendants 1–5 are STRICKEN from the complaint.

DONE this 23rd day of January, 2013.

                              /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE